UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CLEARWATER SYSTEMS CORPORATION,<br>        Plaintiff,<br><br>    v.<br><br>EVAPCO, INC., et al.,<br>        Defendants. | CIVIL ACTION NO.<br>3:05cv507 (SRU) |

## RULING ON MOTION FOR ENTRY OF JUDGMENT PURSUANT TO RULE 54(b)

On January 8, 2009, I granted Evapco, Inc.'s ("Evapco") motion for summary judgment (**doc. #402**), as well as Clearwater Systems Corporation's ("Clearwater") motion for summary judgment (**doc. #404**), ruling in pertinent part that: (1) Evapco did not infringe Claim 21 of U.S. Patent No. 6,063,267 (the "'267 Patent"), held by Clearwater; (2) U.S. Patent No. 6,641,739 (the "'739 Patent"), also held by Clearwater, is anticipated by prior art and therefore invalid; and (3) Claim 21 of the '267 Patent is valid, despite Evapco's arguments to the contrary in light of certain prior art. (**Doc. # 490**.) All parties have moved for entry of partial final judgment pursuant to Rule 54(b), with regard to the patent claims discussed above as well as other rulings in this case. For the reasons set forth below, the motion for entry of final judgment is granted only with regard to the decision granting summary judgment on the aforementioned patent claims (doc. # 490).

Rule 54(b) provides, in pertinent part:

> (b) Judgment on Multiple Claims or Involving Multiple Parties. When an action presents more than one claim for relief . . . or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of

>the claims or parties and may be revised at any time before the entry of a
>judgment adjudicating all the claims and all the parties' rights and liabilities.

For entry of a partial final judgment under Rule 54(b), there must be: (1) multiple claims or multiple parties; (2) a final decision within the meaning of 28 U.S.C. § 1291 on at least one claim or the rights and liabilities of at least one party; and (3) "an express determination" by the district court that there is "no just reason for delay" and an express direction to the clerk to enter judgment.  *Ginett v. Computer Task Group, Inc.*, 962 F.2d 1085, 1091 (2d Cir. 1992).

Because this case involves multiple parties and multiple claims, the first requirement for Rule 54(b) judgment is met.

A decision is considered appropriately "final" for purposes of Rule 54(b) if it "'ends the litigation [of that claim] on the merits and leaves nothing for the court to do but execute the judgment' entered on that claim."  *Id.* at 1092 (quoting *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 467 (1978)).  My grant of both Clearwater's and Evapco's summary judgment motions was a final judgment on the merits with respect to the patent claims in this case.[1]  There are no claims relating to those patents still pending and no future decision in this litigation will have any impact on the decision granting summary judgment.  Furthermore, any decision by the Federal Circuit on appeal of the summary judgment ruling will have no impact on the remaining claim still pending before me (Clearwater's breach of contract claim against Bullock, Logan & Associates, Inc.).  Therefore, my grant of Clearwater's and Evapco's summary judgment motions

---

[1] The parties recently stipulated to a dismissal, without prejudice, of Evapco's patent-related counterclaims not decided by summary judgment.  Should Clearwater prevail on appeal, Evapco has reserved its right to re-file its counterclaims concerning infringement of the '267 Patent as well as the validity of the '267 and '739 Patents.  Clearwater has agreed to toll the statute of limitations on the dismissed counterclaims for the duration of the appeal process.

with regard to the patent claims is appropriately "final."

Finally, when considering a Rule 54(b) motion, I must make an express determination whether there is "no just reason" for delaying appeal until the final resolution of all claims in this case. Determination of this prong "'is left to the sound judicial discretion of the district court' and 'is to be exercised in the interest of sound judicial administration.'" *Id.* (quoting *Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 8 (1980)) (internal quotation omitted).

Given the importance of the final resolution of the patent claims in this case to the parties' respective businesses, I believe it is in the best interests of the parties and judicial administration to enter partial final judgment pursuant to Rule 54(b) on the claims decided in my January 8th, 2009 ruling. Accordingly, I find there is no just reason for delaying appeal until all claims have been finally resolved.

Plaintiffs' Motion for Rule 54(b) Judgment and Determination (**doc. #495**) is **GRANTED** to the extent it asks for entry of judgment regarding my January 8th, 2009 ruling (**doc. #490**).[2] The clerk is directed to enter judgment: (1) in favor of Evapco with regard to Clearwater's claim of infringement of Claim 21 of the '267 Patent; (2) in favor of Evapco with regard to the validity of the '739 Patent; and (3) in favor of Clearwater with regard to the validity of Claim 21 of the '267 Patent.

---

[2] The parties' joint motion also asks for entry of final judgment with regard to an earlier ruling concerning trade secrets (**doc. #98**) as well as a tortious interference claim (**doc. #372**). For reasons discussed on the record during a January 26, 2009 phone conference, the motion for entry of partial final judgment is **DENIED** with regard to those earlier rulings.

It is so ordered.

Dated at Bridgeport, Connecticut, this 9th day of February 2009.

                                         /s/ Stefan R. Underhill
                                        Stefan R. Underhill
                                        United States District Judge